UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERVIS B. WEBB COMPANY

       Plaintiff,

                                      CASE NO. 07-10571
vs.                                     HON. LAWRENCE P. ZATKOFF

THE KENNEDY GROUP, a/k/a/
KENNEDY AUTOMATION LIMITED,

       Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's motion for possession pending judgment, for a restraining order and for order to appear, pursuant to M.C.R. 3.105(E). State law remedies involving the seizure of property are available in federal court. Fed. R. Civ. P. 64. However, the federal rules of civil procedure still apply to the motions. *Id.* Therefore, the Court will construe Plaintiff's motions as motions for a temporary restraining order and preliminary injunction.

### I. BACKGROUND

Plaintiff entered into a contract to work on a terminal expansion project at the Jacksonville International Airport in Florida. Plaintiff subcontracted part of the work to Defendant. Plaintiff has brought a complaint alleging breach of contract. The instant motion involves project drawings that Plaintiff alleges Defendant wrongfully took.

### II. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled

to a temporary restraining order or other preliminary injunctive relief:

> (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;
>
> (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;
>
> (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and
>
> (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). In addition, the applicant must certify what efforts have been made to give notice to the adverse party, and why such notice is not required. Fed R. Civ. P. 65(b). The standard for preliminary injunction is not a rigid and comprehensive test; the four factors are to be elements to be balanced, not prerequisites that must be satisfied. "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

### III. FINDINGS OF THE COURT

The Court has reviewed Plaintiff's motion and brief in support thereof. Although Plaintiff states that it would suffer damages if the project drawings were not immediately returned, it does not specify why the damage would be irreparable. Furthermore, Plaintiff does not certify what efforts have been made to give notice to Defendant, and why such notice is not required. Therefore, the Court finds that Plaintiff has not satisfied its burden to show that a temporary restraining order is warranted. Accordingly, Plaintiff's motion for a temporary restraining order is DENIED.

Plaintiff, Plaintiff's counsel, Defendant, and Defendant's counsel are hereby ORDERED to appear at a preliminary injunction hearing at 2:00 p.m., February 22, 2007, at the United States Courthouse, 526 Water Street, Port Huron, Michigan 48060. Plaintiff shall serve its complaint, its

motion, and this order on Defendant at least ten days in advance of the hearing.

        IT IS SO ORDERED.


                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: February 8, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 8, 2007.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290