**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JERVIS B. WEBB COMPANY,

       Plaintiff,                               Case No. 07-10571
                                                      Honorable Lawrence P. Zatkoff

v.

THE KENNEDY GROUP, a/k/a
KENNEDY AUTOMATION LIMITED,
a Canadian corporation,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION IN PART**

**I.  INTRODUCTION**

This matter is before the Court on Webb's motion for possession pending judgment, filed on February 7, 2007.  As stated in the Court's order of February 8, 2007, the Court will construe the motion as a motion for preliminary injunction.  The Court held a hearing on February 22, 2007.  For the reasons that follow, Webb's motion for preliminary injunction is GRANTED IN PART.

**I.  BACKGROUND**

Webb is a Michigan corporation that provides material handling systems.  Kennedy is a Canadian corporation that provides electrical and mechanical services.  In May of 2006, Webb contracted with Centex Rooney to furnish labor and materials for a baggage handling system at Jacksonville International Airport in Jacksonville, Florida.  Centex Rooney is the general contractor for an expansion project taking place at the airport.

On June 9, 2006, Webb subcontracted part of its responsibilities to Kennedy.  Pursuant to

the subcontract, Kennedy was to install certain electrical and mechanical components of the baggage handling system. Kennedy then subcontracted out part of its work to two additional companies, White and Wood. Webb alleges that Kennedy has failed to perform all of its required work, and also failed to pay White and Wood, who stopped work on January 24, 2007. Webb subsequently terminated the subcontract with Kennedy. Kennedy alleges that Webb owes it money for work already performed.

Webb's motion for preliminary injunction concerns project drawings, also known as "as built" drawings, in Kennedy's possession. These drawings are generated before work begins, and then marked up as work progresses. The drawings are valuable because they reflect alterations from the original design. At issue are drawings generated by Webb, and drawings generated by Kennedy, White, or Wood. Webb alleges that Kennedy took the drawings, worth approximately $62,000, from the jobsite, and is holding them for leverage in the ongoing negotiations.

In response, Kennedy claims that it has not been paid money it is owed under the subcontract, and any drawings in its possession are its own work product.

## II. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to preliminary injunctive relief:

> (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;
>
> (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;
>
> (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and
>
> (4) whether the public interest would be served by the issuance of a preliminary

injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test; the four factors are elements to be balanced, not prerequisites that must be satisfied. "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc*. 963 F.2d 855, 859 (6th Cir. 1992).

### III.  ANALYSIS

**A.    Likelihood of Success on the Merits**

Webb claims that it is entitled to all of the project drawings, including those generated by Kennedy, White, or Wood. The Court agrees that Webb is entitled to the drawings it generated, including those marked up by Kennedy, White, or Wood. However, the Court is not prepared at this stage of the proceedings to rule on the ownership of drawings generated by Kennedy, White, or Wood. Webb argues that it is entitled to all the drawing pursuant to the subcontract, and points to two provisions. Paragraph 2 of the purchase agreement between Webb and Kennedy states that:

> [Kennedy] will furnish all necessary engineering, design, labor, supervision, material, tools, hardware, and equipment to fabricate, supply, deliver, receive, store, and install all items as described in the Scope of Work, the specifications and drawings referenced therein, including the above listed contract documents.

Paragraph 8(b) of the purchase order between Webb and Kennedy states that:

> [Kennedy] grants to [Webb] a nonexclusive, paid-up, irrevocable license to copy, distribute or otherwise use all copyrighted drawings, specifications, catalogue descriptions or other materials of [Kennedy] which are furnished to [Webb] under this Purchase Order.

Kennedy argues that neither of these provisions indicate that Webb is entitled to present possession of drawings generated by Kennedy, White, or Wood. Furthermore, Kennedy claims that Webb is in breach of the subcontract. This is an issue of contract interpretation that the Court is not prepared to rule on at this stage of the proceedings. Thus, this element weighs in favor of Webb regarding the drawings it generated, but in favor of Kennedy regarding the drawings generated by Kennedy, White, or Wood.

**B.    Irreparable Harm to Plaintiff**

Webb claims that it will have to recreate the drawings through visual inspection if Kennedy does not return them, delaying the project. Although Webb can recover damages from Kennedy for any additional costs it incurs, Webb argues that there will be intangible costs associated with the delay that will be difficult to calculate. The Court finds that this element is slightly in favor of Webb.

**C.    Irreparable Harm to Others**

If the Court orders Kennedy to give the drawings to Webb, and Webb is not entitled to them, Kennedy would be harmed. However, Kennedy could then seek damages for any loss it incurred. This element does not favor either party.

**D.    Impact on the Public Interest**

Kennedy's failure to give Webb the drawings will cause a delay in the work at the Jacksonville airport, inconveniencing the public. Thus, this element favors Webb.

### IV.  CONCLUSION

After consideration of the four elements, the Court finds that they weigh in favor of Webb regarding the drawings it generated, including those marked up by Kennedy, White, or Wood.

However, the Court finds that the elements weigh in favor of Kennedy regarding the drawings generated by Kennedy, White, or Wood. Thus, the Court will GRANT IN PART Webb's motion for preliminary injunction. The Court hereby ORDERS that Kennedy:

> Turn over to Webb all project drawings in Kennedy's possession generated by Webb, including drawings marked up by Kennedy, White, or Wood.

This injunction shall remain in effect until further order of the Court.

The Court ORDERS that Webb post a surety bond in the amount of $50,000.

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated: February 23, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2007.

s/Marie E. Verlinde

Case Manager

(810) 984-3290