**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JERVIS B. WEBB COMPANY,

    Plaintiff,

v.

                                                  CASE NO. 07-10571
                                                  HON. LAWRENCE P. ZATKOFF
                                                  MAG. VIRGINIA M. MORGAN

THE KENNEDY GROUP, a/k/a
KENNEDY AUTOMATION LIMITED,

    Defendant,
and

THE KENNEDY GROUP, a/k/a
KENNEDY AUTOMATION LIMITED,

    Counter-Plaintiff,

v.

JERVIS B. WEBB COMPANY and SAFECO
INSURANCE COMPANY OF AMERICA,

    Counter-Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff / Counter-Defendant Jervis B. Webb ("Webb") Company's motion to strike Defendant / Counter-Plaintiff's proofs [dkt 59]. Defendant / Counter-Plaintiff, the Kennedy Group ("Kennedy"), has responded and the time period within which Webb may reply has expired. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Webb's motion

to strike is DENIED.

This case presents a contract dispute between the parties that arose from a terminal expansion project at an airport in Jacksonville, Florida that began in 1999. Webb and Kennedy asserted breach-of-contract claims against each other regarding the construction of the terminal's baggage-handling system. The underlying facts need not be produced here at length as they are thoroughly presented in the Court's opinion and order dated May 9, 2008 [dkt 62].

Webb now seeks to preclude introduction of Kennedy's claim binder and to strike each of Kennedy's purported expert witnesses except Christine Maxwell and David Maxwell. Webb's argument for the exclusion of Kennedy's claim binder rests on the ground that Kennedy has allegedly been unable to produce any individual with personal knowledge to support the contents of the binder. Because Webb has not been able to examine an individual with personal knowledge, it maintains that introduction of the binder at trial would be unfairly prejudicial. Webb further argues that Kennedy only produced the Maxwells and that all of the other alleged expert witnesses should be stricken because they "were unavailable for deposition during discovery."

Kennedy responds that the claim binder, which it produced to Webb, consists of various documents that support its counter-claim. Kennedy argues that the binder is admissible as a business record and does not require any special authentication. Kennedy further claims that both Maxwells are competent to testify as to the binder's contents. Kennedy further notes that Webb requested production of only four individuals for depositions—David Maxwell, Christine Maxwell, James Harding, and Stan Chow. Kennedy produced the company's president and chief liaison officer, David and Christine Maxwell, respectively. These individuals, according to Kennedy, are able to authenticate and provide competent testimony regarding the allegations in the counter-complaint.

2

Kennedy further declares that it produced witness James Harding for deposition in Toronto, but Webb declined to take Harding's deposition because Kennedy could not produce Stan Chow for a deposition at that same time. Although Harding and Chow worked with Kennedy during the underlying project, they are not employees of Kennedy and, consequently, Kennedy lacks the power to produce them for deposition. Kennedy informs the Court that it intends to compel Chow to appear at a de benne esse deposition prior to trial.

The Federal Rules of Evidence preclude the admission of prejudicial evidence even when that evidence is relevant "if its probative value is substantively outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In connection with the underlying principle of this rule, the courts disfavor "trials by ambush." *See, e.g.*, *Erksine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987); *Easterwood v. Racetrac Petroleum*, 1994 U.S. App. LEXIS 36792, at *17–18 (6th Cir. 1994).

The claim binder consists of a myriad of documents that Kennedy believes will support its claims against Webb. These documents include invoices, email correspondence between representatives of the parties, calculations, and time sheets. Webb is in possession of the binder and has had ample time to review its contents. The admission of the binder into evidence, then, will hardly be unfairly prejudicial and much less an ambush. In its brief, Webb cites to *Kelley v. Kysor Indus. Corp.*, 1994 U.S. Dist. LEXIS 21194 (W.D. Mich. Oct. 27, 1994). According to Webb, the *Kelley* case provides an example of a court "granting [a] motion to strike a party's primary exhibit in support of its claim where no foundation for the exhibit was provided." In *Kelley*, however, the exhibit at issue was a map purporting to establish "the likely migration of [a volatile organic

compound]." *Id.* at *46. The map, which was demonstrative in nature, was not authenticated pursuant to Fed. R. Evid. 901 "as being an accurate depiction of the likely migration . . . or as accurately reflecting any experts [sic] testimony on the matter." *Id.* Unlike the map at issue in the *Kelley* decision, the claim binder here consists of correspondences, business records, and mathematical computations. Webb has seen these documents and has had the opportunity to examine individuals with knowledge as to the binder's contents. The *Kelley* decision is too divergent from the present case to advance Webb's motion to strike.

In the event that the documents in Kennedy's binder do not fall under Fed. R. Evid. 902 and require authentication, David and Christine Maxwell, as President and chief liaison, are in positions to do so. Webb argues that the depositions of the Maxwells indicate that Stan Chow assembled the binder. While this appears to be at least partially true, it does little for Webb's motion. First, Chow *compiled* the binder; he did not create each and every document contained therein. Second, if Webb believed Chow's deposition was indispensable, it could have pursued other avenues of obtaining his deposition independent of relying on Kennedy for his production. Based on Kennedy's representations, it attempted to produce Chow—who is not an employee of Kennedy—but Chow refused. Chow's refusal did not terminate Webb's avenues to procure his deposition.

Regarding the portion of Webb's motion seeking to strike Kennedy's expert witnesses, the Court finds that Webb did not rebut Kennedy's contention that Webb only requested depositions of four individuals, three of whom were produced. The only individual Kennedy could not produce was not one of its employees, and Webb failed to avail itself of other means to obtain his deposition. Excluding "expert testimony is a harsh sanction." *Hall v. Furest*, No. 02-70625, 2006 U.S. Dist. LEXIS 57384, at *8 (E.D. Mich. Aug. 16, 2006). Webb has not satisfied this Court that such an

4

extreme sanction is warranted, especially when considering that Webb could have taken affirmative steps to avoid the problem they now claim to be prejudicial.

For the reasons set forth above,

IT IS HEREBY ORDERED that Webb's motion to strike is DENIED.

IT IS SO ORDERED.


                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: September 5, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 5, 2008.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290